IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.  3:16-00092-12

LADAESHA JACKSON

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Ladaesha Jackson's Motion to Sever, ECF No. 390, and Motion to Join in Atari Brown's Motion Concerning Admissibility of Co-Conspirator Statements, ECF No. 406. At a hearing held on November 7, 2016, the Court **DENIED** both motions for the reasons stated in this Memorandum Opinion and Order.

Jackson contends that her Motion to Sever should be granted because the evidence available to the government to prove Jackson was a part of a large drug conspiracy is minimal. Moreover, the evidence the government intends to introduce at trial against Jackson's co-defendants is substantial and Jackson believes that unless her trial is severed she risks guilt by association.

Rule 8(b) of the Federal Rules of Criminal Procedure permits joinder of multiple defendants "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Severance of properly joined defendants is only granted where a defendant can show "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "Without a strong showing of prejudice, severance is not justified based on the mere disparity of the evidence

adduced against individual defendants." *United States v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007) (citing *United States v. Mandel*, 591 F.2d 1347, 1371 (4th Cir. 1979)).

Jackson's Motion to Sever rests almost entirely on her assertion that she was at most a minimal participant in the charged drug conspiracy, and as such, evidence introduced against her co-defendants risks her guilt by association. Jackson does not argue that any specific trial right would be infringed if her trial were not severed. Accordingly, Jackson has failed to make the proper showing required to secure severance.

Jackson's Motion to Join contests the government's evidentiary basis for her inclusion in the same conspiracy as her co-defendants rather than a separate conspiracy with a subset of co-defendants. Jackson maintains that the government has no direct evidence linking her to the larger conspiracy and that it can at most show a conspiracy between her and co-defendant Matthew Meadows through their direct contact. Jackson accordingly requests a hearing to determine whether there is sufficient evidence of her involvement in the larger conspiracy to permit admission of hearsay statements made by alleged co-conspirators that the government believes shows Jackson was a part of the larger conspiracy and not some smaller isolated conspiracy.

Rule 801(d)(2)(E) of the Federal Rules of Evidence does not consider statements made by co-conspirators in furtherance of the conspiracy to be hearsay. The existence of a conspiracy as a preliminary matter need not be proved before trial, however for the statements to be admitted during trial. *See United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992) (citing *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983)) ("This circuit has rejected the formalistic requirement that there must be a hearing to determine the existence of a conspiracy before statements can be admitted under Rule 801(d)(2)(E)."). A court may conditionally admit alleged

co-conspirator hearsay statements "subject to the subsequent satisfaction of their requirements for admission." *Id.*

In light of Fourth Circuit precedent, the Court declines to bar admission of co-conspirator statements pending a finding that Jackson was a member of the same conspiracy as the one charged by the government. Hearsay statements made by alleged co-conspirators will be conditionally admitted at trial subject to satisfaction of all evidentiary requirements. Whether Jackson was a member of the charged conspiracy is a question for the jury.

Jackson's Motion to Sever, ECF No. 390, and Motion to Join in Atari Brown's Motion Concerning Admissibility of Co-Conspirator Statements, ECF No. 406 are **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

      ENTER:    November 9, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE